UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                          )<br>            Plaintiff,                       )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>JERMAIN MARVIN ALEXANDER,     )<br>                                                          )<br>            Defendant.                    )<br>_____ ) | Case No. 1:06-cr-00312<br><br>Honorable Gordon J. Quist |

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on January 31, 2007, after receiving the written consent of defendant and all counsel. There is no written plea agreement. At the hearing, defendant Jermain Marvin Alexander entered a plea of guilty to the Indictment charging defendant with possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the Indictment be accepted, and that the court adjudicate defendant guilty. Acceptance of the plea, adjudication of guilt, and

imposition of sentence are specifically reserved for the district judge. The clerk is directed to procure a transcript of the plea hearing for review by the District Judge.

I further recommend that Defendant's Motion to Be Allowed to Remain Free on Bond Pending Sentence (Dkt. 15) be granted and that the guilty plea not be accepted until sentencing or shortly before sentencing. I make this recommendation because defendant is in end-stage renal failure and must have dialysis three times a week. The Probation Department needs defendant for pre-sentence interviews and the undersigned is advised that arranging pre-sentence interviews at the Wayne County Jail, the only place he could get that kind of dialysis if he were in custody, is very difficult. I also note that defendant has been compliant on bond up to this point.

Date:  February 2, 2007                             /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).